THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALISHA SILBAUGH, | CASE NO. C18-1182-JCC |
| Plaintiff, | ORDER |
| v. | |
| R. ALEXANDRER ACOSTA, Secretary of Labor, | |
| Defendant. | |

This matter comes before the Court on Plaintiff's motion to compel discovery (Dkt. No. 31). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

## I.    BACKGROUND

Plaintiff has made three Freedom of Information Act ("FOIA") requests to Defendant concerning communications between the Federal Aviation Administration ("FAA") and the Office of Workers Compensation Programs ("OWCP"). (Dkt. No. 5 at 2.) Plaintiff has requested all documents related to a claim for compensation Plaintiff made to the OWCP. (*Id*. at 2–3.) In response to her request, Defendant provided Plaintiff 351 pages of correspondence between the FAA and the OWCP. (Dkt. No. 31 at 4.) Defendant claims that the 351 pages sent to Plaintiff include all the information contained in her case file. (*Id*. at 8.) Plaintiff alleges that several

1 documents are missing from the information sent. (*Id*. at 7.) Plaintiff contends that this is a
2 violation of her FOIA request, and has moved to compel production of her entire case file. (*See*
3 *id*.)

## II. DISCUSSION

### A. Freedom of Information Act Request

Each agency, upon any request for records which reasonably describes such records and is made in accordance with published rules, shall make the records promptly available to any person. 5 U.S.C. § 552(a)(3)(A). "On complaint, the district court of the United States in the district in which the complainant resides . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). Summary judgment is the procedural vehicle by which nearly all FOIA cases are resolved. *Shannahan v. Internal Revenue Serv*., Case No. C08-0452-JLR, Dkt. No. 70 at 5 (W.D. Wash. 2008). Courts follow a two-step inquiry when presented with a motion for summary judgment in a FOIA case. *Id*. First, the court must evaluate whether the agency has met its burden of proving that it fully discharged its obligations under FOIA. *Id*. Second, the court must determine whether the agency has proven that the information that it did not disclose falls within an exemption to FOIA. *Id*. In order to justify discovery once the agency has satisfied its burden, the plaintiff must make a showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations. *Goland v. Cent. Agency*, 607 F.2d 339, 355 (D.C. Cir. 1978).

Defendant has yet to carry its burden regarding the adequacy of its search through dispositive motions practice. (*See* Dkt. No. 32.) Defendant has not filed any affidavits attesting to the reasonableness of its search, nor produced any evidence establishing the discharge of its duties under FOIA. Because of this, Plaintiff's motion to compel discovery is premature. Plaintiff cannot impugn the affidavits or declarations submitted by the Defendant agency, because none have been filed in this case. Furthermore, while Plaintiff does make a general

allegation of bad faith on the part of Defendant, Plaintiff does not allege what specific actions Defendant took that were in bad faith. (*See* Dkt. No. 34.) Nor has Plaintiff alleged what specific documents or information Defendant is intentionally withholding, despite repeated requests to do so. (*Id.*) Plaintiff has also not alleged that Defendant improperly redacted any of the communications that Plaintiff has received. (*Id.*) Therefore, Plaintiff has not established grounds entitling her to discovery, even if the motion was timely.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel discovery (Dkt. No. 31) is DENIED.

DATED this 18th day of July 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE