THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALISHA R. SILBAUGH,<br><br>                     Plaintiff,<br><br>     v.<br><br>PATRICK PIZZELLA, Acting Secretary, U.S. Department of Labor,[1]<br><br>                     Defendant. | CASE NO. C18-1182-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion for summary judgment (Dkt. No. 36). Having thoroughly considered the briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

## I.      BACKGROUND

In March 2017, Plaintiff filed a workers' compensation claim with the Department of Labor's ("DOL") Office of Workers' Compensation Programs ("OWCP"). (Dkt. No. 38 at 3.) On May 24, 2017, OWCP denied Plaintiff's claim. (*Id*.; *see* Dkt. No. 38-1.) Plaintiff appealed OWCP's denial of her claim to the Employees' Compensation Appeals Board ("ECAB"), which divested OWCP of jurisdiction to consider Plaintiff's claim during the pendency of the ECAB

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Patrick Pizzella is substituted for R. Alexander Acosta.

appeal. (Dkt. No. 38 at 3–5.)[2]

On May 22, 2018, OWCP received a CD-R disc from Plaintiff. (*Id*. at 4; Dkt. No. 38-3 at 2.) Plaintiff had written her name, address, "May 18, 2018," "Reconsideration," and a case number on the disc. (*See* Dkt. No. 38-4 at 2.) OWCP did not review the contents of the disc, as Plaintiff's ECAB appeal remained pending and OWCP had denied Plaintiff's underlying claim almost a year before. (Dkt. No. 38 at 4–5.)[3] Further, as the disc did not comply with the rules governing reconsideration requests made to OWCP, OWCP recorded its receipt of the disc in its physical evidence log and filed the disc as physical evidence supporting Plaintiff's claim. (Dkt. Nos. 38 at 4, 38-4 at 2, 38-5 at 2.)

On May 31, 2018, ECAB denied Plaintiff's appeal. (*Id*. at 5; Dkt. No. 38-6 at 2–4.) Plaintiff subsequently contacted the Seattle office of OWCP's Division of Federal Employees' Compensation ("DFEC") and stated that she had submitted a reconsideration request to OWCP. (Dkt. No. 38 at 5.) DFEC responded that it had not received a reconsideration request, as Plaintiff's case file did not include written documentation of such a request. (*Id*.)

On June 5, 2018, Plaintiff sent DOL a request pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking "the one-page document admitting that USPS parcel was delivered, received, and currently tracked in OWCP" (the "proof of delivery request"). (Dkt. No. 38 at 6; *see* Dkt. No. 38-7 at 2.) Arginia Karamoko, a Government Information Specialist employed by DOL's Office of Information Services ("OIS"), entered the proof of delivery request into DOL's SIMS-FOIA database and assigned it a tracking number. (Dkt. No. 38 at 6–

---

[2] Following a denial of his or her workers' compensation claim, a claimant may only pursue one type of appeal at a time, including a request that OWCP reconsider its decision or an appeal to the ECAB. (*See* Dkt. No. 38-1 at 8–9); *see also* 20 C.F.R. §§ 10.605–610; 20 C.F.R. § 10.625; 20 C.F.R. Part 501.

[3] Requests that OWCP reconsider a denial of a claim are subject to a one-year statute of limitations. *See* 20 C.F.R. § 10.607. Such requests must also be in writing, signed and dated by the claimant, and accompanied by relevant new evidence or argument not previously considered by OWCP. *See* 20 C.F.R. § 10.606.

ORDER
C18-1182-JCC
PAGE - 2

7.) Marcus Tapia, the District Director for DFEC's Seattle office, began processing the request on June 29, 2018. (*Id*. at 7.) Tapia examined Plaintiff's iFECS case file for evidence that Plaintiff had filed a reconsideration request, but could not find a written request for reconsideration. (*Id*.)[4] Tapia located a written record of a voicemail a claims examiner left with Plaintiff on June 1, 2018, which informed Plaintiff that her claim file did not contain a request for reconsideration. (*Id*. at 8.) On July 2, 2018, OWCP sent Plaintiff a disc containing a copy of the contents of Plaintiff's case file and a cover letter responding to the proof of delivery request and describing Plaintiff's right to appeal. (*Id*. at 8–9; Dkt. No. 38-11 at 2–4.) Plaintiff did not appeal OWCP's response to the proof of delivery FOIA request. (Dkt. No. 37 at 3.)

In July 2018, Plaintiff submitted two additional FOIA requests to DOL, seeking a record of a telephone conversation she had with OWCP's Seattle office and communications between the Federal Aviation Administration ("FAA") and OWCP. (Dkt. No. 40 at 3.) DOL did not register these requests due to technical issues with its FOIA inbox. (*Id*. at 4.) In August 2018, Plaintiff resubmitted her requests. (*Id*.) In September 2018, Karamoko notified Plaintiff that DOL had not received her July 2018 requests and told Plaintiff that her August 2018 requests were not perfected because Plaintiff had not included her address and phone number. (*Id*.) Plaintiff did not subsequently provide the information, and OIS did not take further action on Plaintiff's July and August 2018 FOIA requests. (*Id*.)

On August 13, 2018, Plaintiff filed her complaint in this action. (*See* Dkt. No. 5.) Plaintiff sought documents responsive to her previous FOIA requests, as well as an order directing Defendant to conduct searches reasonably likely to discover responsive records, to produce any nonexempt records, and to provide a *Vaughn* index regarding any documents withheld pursuant

---

[4] Generally, a claimant's written request for reconsideration is saved electronically in the claimant's case file in iFECS, DFEC's "electronic database that maintains claimants' workers' compensation case files and contains all documents and information relevant to a claimant's case file therein." (Dkt. No. 38 at 7.)

ORDER
C18-1182-JCC
PAGE - 3

to a FOIA exemption. (*Id*. at 3–4.)[5] Plaintiff also sought to enjoin Defendant from withholding nonexempt records. (*Id*. at 4.)[6]

On April 9, 2019, Plaintiff submitted a FOIA request to DOL seeking the "phone record of the 'recorded and monitored' conversation with the Seattle District Office . . . [that occurred] on Friday, July 13, around 3:09pm . . . with Glen Crownman [sic], Seattle District Manager . . ." (the "phone record request"). (Dkt. No. 39 at 3) (alterations in original). Karamoko entered the phone record request into DOL's SIMS-FOIA database, assigned it a tracking number, and notified Janice Semper, DFEC's Government Information Specialist, of the request. (*Id*. at 4.) On April 20, 2019, Semper searched Plaintiff's iFECS case file and found "a CA-110 notice of a July 13, 2018 phone conversation" signed by Glen Croman. (*Id*. at 5.) Semper contacted Croman and OWCP's National Office, but neither had created an audio recording of the call. (*Id*.) On April 25, 2019, Semper produced the July 13, 2018 CA-110 notice to Plaintiff with an accompanying cover letter. (*Id*.; *see* Dkt. No. 39-4 at 2–4.) Semper did not withhold any portion of the responsive records. (Dkt. No. 39 at 6.)

On April 12, 2019, Plaintiff submitted a FOIA request to DOL seeking "all communications between FAA and OWCP" (the "FAA request") (Dkt. No. 39 at 6; *see* Dkt. No. 39-5 at 2.) Plaintiff later clarified that she sought only communications between the FAA and

---

[5] "A *Vaughn* Index must: (1) identify each document withheld; (2) state the statutory exemption claimed; and (3) explain how disclosure would damage the interests protected by the claimed exemption." *Citizens Comm'n on Human Rights v. Food & Drug Admin.*, 45 F.3d 1325, 1326 n.1 (9th Cir. 1995).

[6] OIS learned of Plaintiff's lawsuit in September 2018. (Dkt. No. 40 at 4.) In response, Karamoko logged Plaintiff's August 2018 requests, assigned them tracking numbers, and sent them to OWCP for processing. (*Id*. at 4–5.) On September 18, 2018, while examining the physical evidence filed for Plaintiff's case, Supervisory Claims Examiner Lisa Hoffer discovered the disc sent by Plaintiff in May 2018. (Dkt. No. 38 at 5.) Although the disc did not comply with the rules governing reconsideration requests made to OWCP, OWCP elected to construe it as a timely request for reconsideration of OWCP's denial of Plaintiff's underlying workers' compensation claim. (*Id*. at 5–6.) On February 6, 2019, the OCWP denied Plaintiff's request for reconsideration, concluding that Plaintiff had not offered sufficient evidence to warrant review of the merits of her claim. (*See* Dkt. No. 38-2 at 2–8.)

OWCP related to her case file. (*See* Dkt. Nos. 39 at 7, 39-7 at 2–7.) Semper searched Plaintiff's iFECS case file and identified 351 pages of responsive records, which "referenced FAA either by cc or addressed to/from FAA directly." (Dkt. No. 39 at 7.) Semper also contacted Hoffer and requested that she and other claims examiners who may have worked with Plaintiff search for any responsive records in their emails or hard drives. (*Id*.) Hoffer and several other claims examiners conducted the searches using Plaintiff's full name and workers' compensation claim file number, and they did not find any responsive documents. (*Id*. at 7–8.) On May 15, 2019, Semper produced the 351 pages of responsive documents to Plaintiff with an accompanying cover letter. (*Id*. at 8.) Semper did not withhold any of the documents or alter those that were produced. (*Id*.)

On July 16, 2019, DOL sent Plaintiff a supplemental response to the proof of delivery request, which included a scanned copy of the disc labeled "Reconsideration," a redacted copy of OWCP's physical evidence log, and a copy of Hoffer's memorandum regarding the disc. (Dkt. No. 38 at 9; *see* Dkt. No. 38-12.)

Defendant moves for summary judgment. (Dkt. No. 36.) Plaintiff has not filed a response to Defendant's motion for summary judgment.

## II.    DISCUSSION

### A.    Legal Standard

Each agency shall make records promptly available to any person upon a request which reasonably describes such records and is made in accordance with published rules. 5 U.S.C. § 552(a)(3)(A). "On complaint, the district court of the United States in the district in which the complainant resides . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

The key question in a FOIA action is whether the Government improperly withheld agency records. 5 U.S.C. § 552(a)(4)(B); *Kissinger v. Reporters Comm. for Freedom of the*

*Press*, 445 U.S. 136, 150 (1980). "Summary judgment is the procedural vehicle by which nearly all FOIA cases are resolved." *L.A. Times Commc'ns, LLC v. Dep't of the Army*, 442 F. Supp. 2d 880, 893 (C.D. Cal. 2006). The typical summary judgment standard does not apply to FOIA cases, as facts are rarely in dispute, and courts generally need not resolve whether there is a genuine issue of material fact. *Minier v. Cent. Intelligence Agency*, 88 F.3d 796, 800 (9th Cir. 1996). Instead, the Court applies a two-step inquiry to resolve a summary judgment motion in a FOIA case. First, the Court must determine whether the Government fully discharged its obligations under FOIA by conducting a search "reasonably calculated to uncover all responsive documents." *Zemansky v. U.S. Envtl. Prot. Agency*, 767 F.2d 569, 571 (9th Cir. 1985) (quoting *Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)). Second, the Court must decide if any information that the Government did not disclose or redactions the Government made fall within a FOIA exemption. *See* 5 U.S.C. §§ 552(b)(1)–(9).

The Government bears the burden of proof at both steps of the inquiry, and the Court reviews the Government's response to the FOIA request *de novo*. 5 U.S.C. § 552(a)(4)(B). The Court views the facts in the light most favorable to the requesting party. *Zemansky*, 767 F.2d at 571.

### B.    Compliance with FOIA Requests

"In evaluating the sufficiency of an agency's search, 'the issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate.'" *Lahr v. Nat'l Transp. Safety Bd.*, 569 F.3d 964, 987 (9th Cir. 2009) (quoting *Zemansky*, 767 F.2d at 571)); *see SafeCard Servs., Inc. v. S.E.C.*, 926 F.2d 1197, 1201 (D.C. Cir. 1991) ("When a plaintiff questions the adequacy of the search an agency made in order to satisfy its FOIA request, the factual question it raises is whether the search was reasonably calculated to discover the requested documents, not whether it actually uncovered every document extant."). The Government may "demonstrate the adequacy of its search through 'reasonably detailed, nonconclusory affidavits submitted in good

faith.'" *Hamdan v. U.S. Dep't of Justice*, 797 F.3d 759, 770 (9th Cir. 2015) (quoting *Zemansky*, 767 F.2d at 571). Such affidavits are entitled to a presumption of good faith. *Id*. (citing *Ground Saucer Watch, Inc. v. Cent. Intelligence Agency*, 692 F.2d 770, 771 (D.C. Cir. 1981)).

Plaintiff's complaint sought documents responsive to her three FOIA requests made to DOL. (*See* Dkt. No. 5 at 2.) The Court examines each of Plaintiff's FOIA requests in turn.

First, Plaintiff sought "the US Postal Service record delivery confirmation of Certified mail received by the OWCP on May 22, 2019," the same material she sought via the proof of delivery request. (*Id*.; *see* Dkt. No. 38 at 6.) In support of its motion for summary judgment on this ground, Defendant has submitted the declaration of Tapia, which details his response to the proof of delivery request. (*See generally* Dkt. No. 38.) Specifically, Tapia searched Plaintiff's iFECS case file, where a properly-made request for reconsideration would normally be found. (*See* Dkt. No. 38 at 7.) Tapia did not find the disc OWCP received from Plaintiff in May 2018, which had been separately filed as physical evidence supporting Plaintiff's underlying claim. (*See* Dkt. Nos. 38 at 4, 38-3 at 2, 38-4 at 2); 20 C.F.R. § 10.606.[7] Thus, the Court concludes that Tapia conducted a search reasonably calculated to locate documents responsive to the proof of delivery request. *See Zemansky*, 767 F.2d at 571. The fact that Tapia did not locate Plaintiff's disc does not undermine the adequacy of his search of Plaintiff's iFECS case file, and Plaintiff has not overcome the presumption of good faith accorded to his declaration. *See Lahr*, 569 F.3d at 987; *SafeCard Servs., Inc.*, 926 F.2d at 1201; *Hamdan*, 797 F.3d at 770. Therefore, Defendant's motion for summary judgment is GRANTED on this ground.

Second, Plaintiff sought "a detailed phone call record between Plaintiff and Defendant regarding the status of the reconsideration claim discussed on July 13th around 3:09pm [sic] local

---

[7] Tapia ultimately provided Plaintiff with a copy of the contents of her claims file, including a record of a voicemail informing Plaintiff that her claim file did not contain a request for reconsideration. (*See* Dkt. Nos. 38 at 7–9, 38-11 at 2–4.) Plaintiff's complaint asserts that she "considered the response insufficient." (*See* Dkt. No. 5 at 2.) Plaintiff's dissatisfaction with the documents located by Tapia's search does not render his search inadequate. *See Lahr*, 569 F.3d at 987.

time" between Plaintiff and Croman, the same material she sought via the phone record request. (Dkt. Nos. 5 at 1–2, 39 at 3.) In support of its motion for summary judgment on this ground, Defendant has submitted the declaration of Semper which, *inter alia*, describes her response to the phone record request. (*See generally* Dkt. No. 39.) After being notified of the phone record request, Semper searched Plaintiff's iFECS case file and located the CA-110 notice of the July 13, 2018 phone conversation between Plaintiff and Croman. (*Id*. at 5.) Semper took the additional step of contacting Croman and OWCP's national office regarding the phone record request, and was informed that neither had created an audio recording of the conversation. (*Id*.) Thus, the Court concludes that Semper conducted a search reasonably calculated to locate documents responsive to the phone record request, *see Zemansky*, 767 F.2d at 571, and Plaintiff has not overcome the presumption of good faith accorded to Semper's declaration, *see Hamdan*, 797 F.3d at 770. Therefore, Defendant's motion for summary judgment is GRANTED on this ground.

Third, Plaintiff sought "interagency communications between the Defendant and the [FAA] regarding OWCP claim file 146133465," the same materials she sought via the FAA request. (Dkt. Nos. 5 at 2, 39 at 6–7, 39-5 at 2.) As with the phone record request, Defendant has submitted the declaration of Semper in support of its motion for summary judgment on this ground. (*See generally* Dkt. No. 39.) Semper states that in response to the FAA request, she searched Plaintiff's iFECS case file and identified documents that referenced the FAA. (*See id*. at 7.) Further, Semper asked Hoffer and other claims examiners who may have worked with Plaintiff to search for any responsive records in their emails or hard drives; Hoffer and several other claims examiners conducted the requested search using Plaintiff's full name and workers' compensation claim file number. (*Id*. at 7–8.) The Court concludes that Semper conducted a search reasonably calculated to locate documents responsive to the FAA request, *see Zemansky*, 767 F.2d at 571, and Plaintiff has not overcome the presumption of good faith accorded to Semper's declaration, *see Hamdan*, 797 F.3d at 770. Therefore, Defendant's motion for

summary judgment is GRANTED on this ground.

In addition to seeking production of documents responsive to her FOIA requests, Plaintiff's complaint asserts that Defendant has improperly failed to produce documents or has withheld documents without citing a FOIA exemption. (*See* Dkt. No. 5 at 3–4.) Plaintiff has not identified records that may have been withheld from production. (*See id.*) Further, Tapia and Semper's declarations state that they produced every responsive document they located to Plaintiff, (*see id.*; Dkt. Nos. 38 at 8–9; 39 at 6, 7), and Plaintiff has not overcome the presumption of good faith accorded to the declarations, *see Hamdan*, 797 F.3d at 770. As such, Defendant has not cited a FOIA exemption justifying its withholding of responsive documents. *See* 5 U.S.C. §§ 552(b)(1)–(9); (*see generally* Dkt. No. 36). As Plaintiff has not identified which records Defendant purportedly withheld and has not overcome the presumption of good faith accorded to Defendant's declarations stating that all responsive documents were provided to Plaintiff, Defendant's motion for summary judgment is GRANTED on this ground.

In sum, Defendant has submitted declarations establishing that it conducted searches reasonably calculated to locate documents responsive to Plaintiff's FOIA requests, and Plaintiff has neither demonstrated that such searches were inadequate nor overcome the presumption of good faith accorded to Defendant's declarations. Therefore, Defendant's motion for summary judgment is GRANTED as to Plaintiff's FOIA requests. As Defendant has fulfilled its obligations under FOIA, Plaintiff's request for injunctive relief premised on Defendant's "apparent FOIA violation" is DENIED. *See Hajro v. U.S. Citizenship & Immigration Servs.*, 811 F.3d 1086, 1103 (9th Cir. 2016).[8]

## III.   CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment (Dkt. No. 36) is

---

[8] As the Court concludes that Defendant satisfied its obligations under FOIA in responding to Plaintiff's requests, the Court need not reach Defendant's arguments concerning the futility of allowing Plaintiff to amend her complaint or Plaintiff's failure to exhaust her administrative remedies. (*See* Dkt. No. 36 at 13, 17–19.)

Case 2:18-cv-01182-JCC   Document 42   Filed 09/13/19   Page 10 of 10

1 | GRANTED. Plaintiff's complaint is DISMISSED.

2 | DATED this 13th day of September 2019.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C18-1182-JCC
PAGE - 10